# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**HOMEDICS, INC.,**
a Michigan corporation,

    *Plaintiff*,

vs.

**WIN SMART INTERNATIONAL DEVELOPMENT, LTD.,**
a Hong Kong entity,

    *Defendant*.

HONORABLE PATRICK J. DUGGAN

CIVIL ACTION NO. 2:07-cv-15200

## DEFAULT JUDGMENT AND PERMANENT INJUNCTION

This Court, having reviewed the briefing on Homedics' motion for default judgment and permanent injunction and heard oral argument, hereby enters this default judgment and permanent injunction against defendant Win Smart Development Co., Ltd. ("defendant" or "Win Smart") as follows:

1. Plaintiff Homedics, Inc. ("Homedics") is a Michigan corporation with its principal place of business in Commerce Township, MI.

2. Defendant Win Smart is a Hong Kong entity.

3. On January 30, 2008 defendant Win Smart was formally served in the above captioned case.

4. Defendant Win Smart failed to file an answer in this case and no attorney entered an appearance on its behalf.

5. After considering the proofs presented by plaintiff both in the briefing and on oral argument, the Court finds that plaintiff has demonstrated that it owns trade dress rights in its hand-held massagers ("Homedics' Trade Dress"). The protected elements of Homedics' Trade Dress are defined as follows:

> A massager with the following visual characteristics:
>
> an upper portion and a lower portion;
>
> an upper portion small enough to be held in one hand;
>
> a lower portion containing at least three massage heads; and
>
> a band encircling the mid-section of the massager and separating the
>
> upper and lower portions.

Examples of Homedics' Trade Dress are shown in attached Exhibit A.

6. Homedics has acquired secondary meaning in the Homedics Trade Dress.

7. Win Smart infringed Homedics' Trade Dress by selling Win Smart's Model MV-30 and MV-31 massagers, which are confusingly similar to Homedics Trade Dress. Pictures of the infringing massagers are shown in Exhibit B.

8. Win Smart willfully infringed plaintiff's trade dress in violation of 15 U.S.C. § 1125(a).

9. This case is exceptional pursuant to 15 U.S.C. § 1117(a).

10. Pursuant to Fed. R. Civ. P. 65, defendant, its officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with defendant who receive actual notice of this permanent injunction, by personal service or otherwise, are permanently enjoined and restrained from:

    (A)    Importing, manufacturing, producing, distributing, circulating, selling, offering for sale, advertising, promoting or displaying any massagers incorporating Homedics Trade Dress as defined above, including, but not limited to, the MV-30 and MV-31;

    (B)    Imitating, copying or making any unauthorized use of Homedics Trade Dress;

    (C)    Importing, manufacturing, producing, distributing, circulating, selling, offering for sale, advertising, promoting or displaying any product using any simulation, reproduction, counterfeit or copy of, and/or any product that is confusingly similar to Homedics' Trade Dress; and

    (D)    Using any false designation of origin or false description or performing any act, which can, or is likely to, lead members of the trade or public to believe that any service or product manufactured, distributed or sold by defendant is in any manner associated or connected with Homedics.

11. The Court further enters judgment against Win Smart in the amount of $16,000, to compensate plaintiff for its reasonable attorneys' fees.

12. The Court shall retain jurisdiction of this matter to ensure compliance with the orders contained herein.

**SO ORDERED**.


S/Patrick J. Duggan
Patrick J. Duggan
United States District Judge

Dated: September 8, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 8, 2008, by electronic and/or ordinary mail.

S/Marilyn Orem
Case Manager

EXHIBIT A





EXHIBIT B

